NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN M. SMITH, | No. 15-35114 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-06082-JRC |
| v. | MEMORANDUM[*] |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted July 12, 2017[**]
Seattle, Washington

Before:     MURPHY,[***] McKEOWN, and NGUYEN, Circuit Judges.


Steven Smith appeals a district court order affirming the denial of

Social Security disability benefits by the Commissioner.  He argues the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals, Tenth Circuit, sitting by designation.

ALJ erroneously discounted his testimony as to pain and symptomatology and improperly rejected favorable medical evidence.

**1.** The ALJ erred in rejecting Smith's testimony as to his level of pain and extent of symptoms because the ALJ's reasons are not clear and convincing or are not supported by substantial evidence. Smith's subjective "testimony about the intensity, persistence, and pace of" symptoms could be rejected by the ALJ "only by offering specific, clear and convincing reasons for doing so," which he did not provide. *Garrison v. Colvin*, 759 F.3d 995, 1014-18 (9th Cir. 2014) (quotation omitted)). Smith also presented objective evidence of impairments which could reasonably be expected to produce the pain and symptoms he alleged and the ALJ did not find Smith was malingering.

An ALJ may rely on "unexplained, or inadequately explained, failure to seek treatment" to reject alleged symptoms. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The record in this case, however, lacks evidence that the period between the grant of benefits and Smith's presentation for treatment amounted to a delay. In any event, Smith's homelessness and the state's very severe funding cuts explain why the grant of benefits to Smith did not correspond with an immediate ability to obtain treatment.

"[D]aily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quotation omitted). Nevertheless, "the mere fact that a plaintiff has carried on certain daily activities does not in any way detract from her credibility as to her overall disability." *Id.* (quotation and alteration omitted). The ALJ's invocation of a few random daily activities to discredit Smith's testimony is counter to the rule set out in *Orn*. The ALJ did not make findings as to the pervasiveness of these activities, what they entailed, or how the physical functions displayed during the activities are transferrable to a work setting.

If a claimant provides a good reason for not taking medication, his "symptom testimony cannot be rejected for not doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The record contains a reasonable explanation for Smith's hesitancy to take pain medication: he previously attempted to commit suicide with such medication and was advised to avoid prescription pain medication in the future. There is no

indication the ALJ considered this explanation before drawing a negative inference from Smith's preference for over-the-counter pain medication.[1]

According to the ALJ, Smith "reported to two health care providers that he was in the army," but testified to the contrary. Dr. Javel's notes indicate Smith told him he was in the military. Smith specifically testified he never so stated to Dr. Javel and did not know how that information came to be in Dr. Javel's notes. Smith had been diagnosed with PTSD, but that diagnosis flowed from beatings he received as a "kid." Information about Smith's military service appears in Dr. Barton-Haas's notes, but her notes indicate she relied on Dr. Javel's report in formulating her medical opinion. Read as a whole, the record does not support the ALJ's finding that Smith falsely told two separate medical providers that he served in the military. Smith offered a reasonable explanation for the confusion: he reported to Dr. Javel that he had PTSD and Dr. Javel likely assumed, incorrectly, the source of the PTSD was military service. The ALJ did not discuss Smith's explanation, let alone analyze it under the normal means that a fact finder uses to assess witness credibility.

---

[1]The ALJ erroneously found that an inconsistency between Smith's testimony at the first and second hearings as to the suicide attempt weighed against his credibility. Smith was never questioned at the second hearing about the suicide attempt.

The ALJ's finding that Smith's testimony is inconsistent with his medical records regarding DA&A, at least as to the years 2010 and 2011, is supported by substantial evidence. Smith's attempts to explain the inconsistencies on the basis of confusion and/or hearing loss do not demonstrate that this aspect of the ALJ's credibility determination lacks substantial evidence. These testimonial inconsistencies as to DA&A relapse dates, however, are insufficient, standing alone, to satisfy the rigorous *Garrison* standard. The Commissioner has not identified evidence casting doubt on Smith's assertion he was free of DA&A from 2005 until at least 2008. Smith's testimony was corroborated by testimony from his uncle, which the ALJ did not discuss in his order denying benefits. Notably, Dr. Reynolds, the independent medical expert appointed at the order of the Appeals Council, specifically relied on the years 2005-08 to conclude Smith's mental disability met Listing 12.04. Although the dates of relative sobriety cannot be specifically identified, the inconsistencies identified by the ALJ cannot reasonably support a conclusion that DA&A is, and always was, present in Smith's life from 2005 until 2012. Nor does the Commissioner argue that these testimonial inconsistencies regarding DA&A, standing alone, are sufficient to support the ALJ's wholesale

rejection of all aspects of Smith's subjective testimony as to pain and symptomatology.

2. The record medical evidence supports Smith's claim for disability benefits. In rejecting that evidence, the ALJ relied on adverse credibility findings as to Smith's pain and symptomatology. Because the ALJ erred in rejecting Smith's testimony as to the extent of his symptoms and severity of his pain, we must reject the ALJ's treatment of the medical evidence.

There is another problem with the ALJ's treatment of the medical evidence. Having concluded Smith's pain and symptoms were not as severe as alleged, the ALJ resolved the case by projecting how medical professionals would have testified if they had all the relevant information. Then, the ALJ relied exclusively on medical evidence produced by Dr. Peterson, a non-examining, non-treating psychologist who reviewed only a limited set of Smith's medical records. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (concluding that "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"). The Commissioner fails to explain how this is an appropriate course of action. Instead, in situations like these, the ALJ has a "special

duty to fairly develop the record" so that a proper evaluation of the medical evidence is possible. *Smolen*, 80 F.3d at 1288 (quotation omitted).

**3.** We decline Smith's invitation to employ the "credit-as-true" rule set out in *Garrison*, 759 F.3d at 1019. We exercise our discretion to remand the matter to the ALJ for additional proceedings consistent with this opinion. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).

**REVERSED and REMANDED.**

*Smith v. Berryhill*, No. 15-35114

FILED

AUG 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

McKEOWN, Circuit Judge, dissenting:

I respectfully dissent. The Administrative Law Judge ("ALJ") offered specific, clear and convincing reasons supported by substantial evidence for rejecting Steven Smith's testimony about his symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). On that basis, the ALJ properly discounted the medical opinions to the extent they relied on Smith's self-reporting. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). I would affirm.